IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANTHONY PRESCOTT, #2174108, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:20-CV-00169-RAS-CAN |
| v. | § § | |
| JEFFERY CATOE, ET AL., | § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On February 28, 2020, Plaintiff Anthony Prescott, a *pro se* prisoner, filed this civil rights lawsuit under 42 U.S.C. § 1983 and other federal statutes on [Dkts. 1; 1-1 at 1]. This case has been pending for nearly three years, and Plaintiff has yet to file an amended complaint in compliance with the Court's instructions. For the reasons set forth herein, the Court recommends this case be dismissed under Federal Rule of Civil Procedure 41(b).[1]

**RELEVANT PROCEDURAL HISTORY AND BACKGROUND**

On February 5, 2021, the undersigned issued a Report and Recommendation [Dkt. 76], recommending Plaintiff's Complaint be dismissed with prejudice for purposes of *in forma pauperis* proceedings under 28 U.S.C. § 1915(g), pursuant to the "three strikes" provision of the PLRA, but without prejudice to his right to proceed without *in forma pauperis* status. On March 9, 2021, Plaintiff paid the full filing fee for the instant cause [*see docket generally*] and filed a motion for leave to amend [Dkt. 78]. On March 15, 2021, the Court granted Plaintiff's motion for leave and ordered Plaintiff to file an amended complaint on or before April 14, 2021 [Dkt. 82]. The Court explicitly warned Plaintiff: "[f]ailure to do so *will* result in a recommendation of dismissal

---

[1] On April 7, 2021, this case was transferred to U.S. District Judge Richard A. Schell [Dkt. 83].

under Federal Rule of Civil Procedure 41(b)" [Dkt. 82 at 2] (emphasis added).  On April 26, 2021—twelve days after the April 14 deadline—Plaintiff filed a motion for extension of time [Dkt. 85].  On May 4, 2021, the Court granted in part the motion for extension of time, ordering Plaintiff to file his amended complaint no later than May 21, 2021 [Dkt. 86].  The Court explicitly warned Plaintiff as follows: "No further extensions will be granted.  All relief not expressly granted is denied.  Failure to comply with this Order will result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b)" [Dkt. 86 at 2].  Rather than file an amended complaint as ordered, Plaintiff filed another motion for extension of time [Dkt. 87].  Because the Court was clear in its instructions and Plaintiff again failed to comply, the Court denied the motion [Dkt. 88].

On June 2, 2021, the undersigned recommended this cause be dismissed under Rule 41(b) for failure to file an amended complaint as ordered [Dkt. 89].  Plaintiff filed a "Motion Requesting Leave to Proceed" in response to the Report and Recommendation, again asking for leave to file an amended complaint [Dkt. 93], attaching a proposed amended complaint to the motion:

> The following enclosed is humbly submitted to here and after serve as claim segment Part 3 of a 3 segment complaint.
> 
> - Part 1. Representative of Dkt 1-1 claims # 1-9, currently in the court record
> - Part 2. Represented as Dkt 47 Motion for Clarification[,] consisting of claims against L. Warren and L. Knox, here and after referred to a claims 10 and 11, also currently in the record.  Plaintiff request[s] the Clerk to refile this motion in this regard.
> - Part 3. The attached claim segment consisting of claims 12-27, and, the attached amended controlling prayer for relief[,] active action and or for impending prospective amendment: 96 pages 224 paragraph # lines total enclosed plus exhibits as attached.
> - Addendum 1. This document is submitted to address the amendments to Part 1 claim 4 count II.

[Dkt. 93-1 at 1].  On July 22, 2021, the Court withdrew its Report and Recommendation [Dkt. 94], and on July 23, 2021, granted Plaintiff leave to file an amended complaint [Dkt. 95].  Notably, the Court did *not* deem properly before the Court the proposed amended complaint attached to

Plaintiff's motion for leave [*See* Dkt. 93-1]. Instead, the Court made clear that Plaintiff that "shall be permitted a final opportunity to file an amended complaint" in keeping with the Court's instructions, and to that end, included the following warnings to Plaintiff:

> Plaintiff is warned that the amended complaint must be filed on the appropriate prisoner civil rights form and must be filed with the Court on or before Monday, August 23, 2021. This means the amended complaint must be mailed prior to August 23, 2021, for the Court to receive and docket it by that date. No further extensions or opportunities to amend will be granted. If an amended complaint is not timely filed, the undersigned will again recommend dismissal of this cause.
>
> . . . .
>
> To be clear, Plaintiff's amended complaint, if any, must be *on file* with the Court on or before this date. Plaintiff should include every issue he wishes to raise as the amended complaint entirely supersedes and takes the place of an original or earlier amended complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). Additionally, the amended complaint must comply with the Federal Rules of Civil Procedure and the Eastern District of Texas Local Rules. **No further extensions or opportunities to amend will be granted. Failure to file an amended complaint, on the proper prisoner civil rights form, on or before Monday, August 23, 2021 will result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b).**

[Dkt. 95 at 1-2] (footnote omitted). Instead of filing a complete amended complaint in compliance with the Court's Order, on August 6, 2021, Plaintiff requested leave to be excused from filing his complaint on the correct prisoner's civil rights form and to file the amended complaint in three parts, "with the 3rd segment represented by the claims 12-27, the 2nd segment plead by reference to the court record 'Motion for Clarification' and the 1st segment presented by Dkt. 1 claims 1-9" [Dkt. 96 at 2]. On August 11, 2021, the Court denied the request, noting:

> The Court has granted Plaintiff leave to file an amended complaint on two previous occasions [Dkts. 82; 95]. On each occasion, Plaintiff was warned that any amended complaint must be filed on the appropriate prisoner civil rights form and directed Plaintiff to include in the amended complaint every issue he wishes to raise [Dkts. 82 at 2; 95 at 1-2]. Plaintiff's request to the Court to construe multiple documents together, none of which are on the proper civil rights form, to establish his live pleading is denied.

[Dkt. 98 at 1-2]. The Court further explained,

> To the extent Plaintiff refers to docket 93 and asks the Court to construe this as his amended complaint, the Court notes that such document is not filed on the proper form and is in excess of 100 pages [Dkt. 93]. The Court reminds Plaintiff that his amended complaint may not exceed the thirty (30) page limit expounded in the local rules. *See* Eastern District of Texas Local Rule CV-3(d) ("Absent leave of court, complaints and the initial responsive pleadings thereto filed in civil rights proceedings shall not exceed thirty pages, excluding attachments. Documents that exceed ten pages in length must include a table of contents and table of authorities, with page references. Tables and certificates of service and conference shall not counted against the applicable page limit.").

[Dkt. 98 at 1 n.1]. Plaintiff was again ordered to "file a complete amended complaint, on the proper civil rights form, no later than Monday, August 23, 2021, as outlined in the Court's previous Order [Dkt. 95]," and "[a]s a reminder, Plaintiff should include every issue he wishes to raise as the amended complaint entirely supersedes and takes the place of an original or earlier amended complaint" [Dkt. 98 at 2]. Plaintiff acknowledged receipt of this Order on August 26, 2021 [Dkt. 99].

On August 31, 2021, Plaintiff filed an amended complaint using the standard prisoner's civil rights form [Dkt. 101].[2] However, Plaintiff did not fully complete the form; instead, he again attempted to incorporate by reference into the form multiple other filings across the docket. For example, the "Parties to this Suit" section fully lists Plaintiff's name and address, but for every Defendant, Plaintiff wrote "Plead by reference to Dkt 1 and Dkt 93 & 47" for the first defendant, and "see above reference" for each other [Dkt. 101 at 3]. Plaintiff left blank the line where the form directs Plaintiff to "[b]riefly describe the act(s) or omission(s) of this defendant which you claimed harmed you" [Dkt. 101 at 3]. Under the "Statement of Claim," similarly Plaintiff attempts to incorporate Plaintiff's earlier filings by reference, stating in relevant part, "Claims include violation of federal statute including the ADA, [RLUIPA], 1985(2)(3)[,] 1986[,] failure to protect

---

[2] The prisoner's civil rights form is signed by Plaintiff and dated August 24, 2021 [Dkt. 101 at 5].

and deliberate indifference[,] etc., plead by ref[erence] to Dkt. 1 and 93 and 47" [Dkt. 101 at 4]. For relief, the purported amended complaint states, "plead by reference to the relief prayer in Dkt 93" [Dkt. 101 at 4].

On August 31, 2021, Plaintiff also filed a Motion for Reconsideration [Dkt. 100], requesting the Court reconsider its Order of August 11, 2021, which denied his request for leave to construe multiple filings as his amended complaint [Dkt. 98]. On January 19, 2022, the Court denied this request, and further re-emphasized that "Plaintiff is warned afresh that any amended complaint must be filed on the appropriate prisoner civil rights form and include every issue he wishes to raise; the Court will not construe multiple documents together to establish Plaintiff's live pleading" [Dkt. 103 at 1]. In denying the request for reconsideration, the Court extended to Plaintiff an additional month for him to file an amended complaint compliant with the Court's Orders, again warning him that failure to comply may result in a recommendation that this cause be dismissed:

> The Clerk of the Court is directed to once more send Plaintiff a copy of the civil rights form for prisoners along with this Order, and copies of Dkts. 1, 47, 85, 93 and 101. Plaintiff shall file a complete amended complaint, on the proper civil rights form, no later than **Monday, February 21, 2022, at 5:00 p.m.** As a reminder, Plaintiff should include every issue he wishes to raise as the amended complaint entirely supersedes and takes the place of an original or earlier amended complaint. Additionally, the amended complaint must comply with the Federal Rules of Civil Procedure and the Eastern District of Texas Local Rules. <u>Failure to comply with this Order may result in the dismissal of this case.</u>

[Dkt. 103 at 1-2]. Out of an abundance of caution, the Court also directed the Clerk of Court to provide copies of the filings Plaintiff identified as those he wished to combine in whole or part. Plaintiff acknowledged receipt of such Order on February 15, 2022 [Dkt. 106]. Plaintiff did not

file any amended complaint by the February 21, 2022, deadline or at any time thereafter.[3] To date, Plaintiff has failed to file an amended complaint in compliance with the Court's numerous Orders directing Plaintiff to file a complete amended complaint using the standard prisoner's civil rights form and that includes all the claims and allegations he seeks to raise in one pleading.

## DISMISSAL UNDER RULE 41

A district court may dismiss an action for failure to prosecute or comply with any court order. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). "The Supreme Court has recognized the 'inherent power' of district courts to dismiss *sua sponte* in order to 'manage [their] own affairs so as to achieve an orderly and expeditious disposition of cases.'" *In re Valentine*, 733 F. App'x 184, 186-87 (5th Cir. 2018) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)); *see Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."). This inherent power to manage the Court's own affairs "necessarily includes the power to control the court's docket by dismissing a case as a sanction for a party's failure to obey court orders." *In re Taxotere (Docetaxel) Products Liab. Litig.*, 966 F.3d 351, 357 (5th Cir. 2020) (citing *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)). In addition, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link*, 370 U.S. at 630-31). "[T]he Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as '[t]he right of self-representation does

---

[3] On February 9, 2022, Plaintiff filed a "Motion to Withdraw," requesting the Court "recognize Dkt 1-1 as the active pleading" and withdraw Docket No. 78 (wherein Plaintiff previously requested leave to file an amended complaint) [Dkt. 105 at 1-2]. He also requested the Court "revive each of the Defendants['] motions and Plaintiff's responsive pleadings" [Dkt. 105 at 1]. The relief requested is moot, given the Court granted Docket No. 78 (Plaintiff's "Motion for Extension of time, Motion for Leave to Proceed, & Responsive Pleading to Magistrate Nowak's Report and Recommendation"), which requested leave to supplement the factual allegations and join additional defendants.

not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hall v. Doe*, No. 3:21-CV-1398-X-BN, 2021 WL 4142680, at *2 (N.D. Tex. Aug. 19, 2021) (quoting *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam)), *report and recommendation adopted*, No. 3:21-CV-1398-X, 2021 WL 4133701 (N.D. Tex. Sept. 10, 2021).

Where a Rule 41(b) dismissal is with prejudice, courts should consider "lesser sanctions such as fines or dismissal without prejudice" first, although dismissal with prejudice "is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam)) (cleaned up). The Fifth Circuit, when affirming a Rule 41(b) dismissal, has usually found one or more of the following aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell*, 988 F.3d at 802 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

*Failure to Follow Court Orders*

Upon consideration of these principles, the Court concludes that Plaintiff's case should once again be recommended for dismissal under Rule 41(b). The Court, at Plaintiff's request, granted Plaintiff an opportunity to file an amended complaint. Recall Plaintiff requested leave to amend in response to the undersigned's (now-withdrawn) report and recommendation of June 2, 2021, recommending that this case be dismissed under Rule 41(b) after the Court, twice, directed Plaintiff to file an amended complaint by a date certain [*See* Dkts. 89; 94]. In granting Plaintiff's request for leave, the Court ordered Plaintiff file the amended complaint within 30 days, on or before August 23, 2021 [Dkt. 95]. The Court directed that any amended complaint "must be filed

on the appropriate prisoner civil rights form" and "include every issue he wishes to raise as the amended complaint entirely supersedes and takes the place of an original or earlier amended complaint" [Dkt. 95]. The Court included a warning to Plaintiff, in bold, underlined text:

> **Failure to file an amended complaint, on the proper prisoner civil rights form, on or before Monday, August 23, 2021 will result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b).**

[Dkt. 95 at 2]. Thereafter, Plaintiff requested leave to file an amended complaint incorporating by reference multiple other filings [Dkt. 96]. The Court denied this request, again reiterating that compliance with the Court's Orders requires Plaintiff to file his amended complaint as a single filing with a completed prisoner's civil rights form. Plaintiff moved for reconsideration of this instruction. The Court denied the motion for reconsideration, expressly stating the amended complaint was not sufficient and that Plaintiff must refile:

> Plaintiff has since filed yet a further amended complaint; the complaint is on the requisite prisoner's civil rights form, however, as with his prior filings, Plaintiff once again incorporates by reference and asks the Court to construe multiple documents together [Dkt. 101].
>
> Having considered Plaintiff's Motion, and all other relevant filings, the Court finds Plaintiff Anthony Prescott's Motion for Reconsideration [Dkt. 100] is **DENIED**. Plaintiff is warned afresh that any amended complaint must be filed on the appropriate prisoner civil rights form and include every issue he wishes to raise; the Court will not construe multiple documents together to establish Plaintiff's live pleading.

[Dkt. 103 at 1-2]. The Order denying reconsideration set February 21, 2022, as the date certain for Plaintiff's final deadline to file his amended complaint [Dkt. 103 at 2]. Plaintiff did not thereafter file a compliant complaint. The Court provided Plaintiff over six months to file a complete amended complaint after withdrawing its earlier recommendation that this case be dismissed under Rule 41(b). *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d at 360 ("Kuykendall was given ample notice of the potential consequences of her failure to comply with

the district court's orders. . . . Despite this warning, Kuykendall did not seek additional extensions"). The Court has warned Plaintiff on at least five occasions that his amended complaint must be completed on the prisoner's civil rights form and all issues must be included in the filing.

On this record, the Court again recommends this case be dismissed pursuant to Rule 41(b) for failure to comply with the Court's Orders. *See Nottingham*, 837 F.3d at 442 (concluding the district court did not abuse its discretion when dismissing under Rule 41(b) when the magistrate judge "twice made clear that it required [the *pro se* plaintiff's] compliance" with its orders); *Crenshaw v. Slaughter*, No. 3:13-CV-3432-BF, 2014 WL 2931868, at *2 (N.D. Tex. June 26, 2014) (dismissing the *pro se* plaintiff's case for failure to comply with court orders, including to file an amended complaint, that included "clear warnings"); *see also Neal v. Claggett*, No. 4:20-CV-00614-ALM-CAN, 2021 WL 789903, at *2 (E.D. Tex. Jan. 18, 2021) (recommending dismissal of the *pro se* plaintiff's case under Rule 41 for, among other reasons, failure to file an amended complaint as ordered), *report and recommendation adopted*, No. 4:20-CV-614, 2021 WL 781538 (E.D. Tex. Mar. 1, 2021).

The Court further finds that dismissal with prejudice would be appropriate in this case.[4] Here, there is a clear record of delay. Nearly two years have passed since the Court first ordered Plaintiff to file an amended complaint on March 15, 2021 [*See* Dkt. 82]. And because Plaintiff is *pro se*, these delays are attributable to him, satisfying the first and third aggravating factors – delay intentionally caused by Plaintiff himself. *See Minor v. Gusman*, No. CV 15-1423, 2016 WL

---

[4] "It is unclear from Plaintiff's wide-ranging and unspecific Complaint whether any of the asserted claims will be time-barred. Thus, in an exercise of caution, the Court considers dismissal as if it would be with prejudice." *See Warren v. Ga. Dep't of Cmty. Supervision*, No. 420CV00247SDJKPJ, 2021 WL 1139749, at *3 (E.D. Tex. Mar. 2, 2021), *report and recommendation adopted*, No. 420CV00247SDJKPJ, 2021 WL 1123817 (E.D. Tex. Mar. 24, 2021). But, "insofar as this dismissal may somehow prejudice" Plaintiff, this "recommendation afford[s] him notice, and the opportunity to file objections (further explained below) affords him an opportunity to respond." *See Woodley v. Encore Recycling*, No. 3:21-CV-2240-C-BN, 2021 WL 6137208, at *2 (N.D. Tex. Dec. 2, 2021) (citing *Carver v. Atwood*, No. 21-40113, 2021 WL 5368678, at *3 (5th Cir. Nov. 18, 2021)), *report and recommendation adopted*, No. 3:21-CV-2240-C-BN, 2021 WL 6135488 (N.D. Tex. Dec. 29, 2021).

675704, at *3 (E.D. La. Feb. 19, 2016) ("Plaintiff represents himself pro se and has delayed judicial proceedings on his own behalf."); *Rodriguez v. Woodforest Nat'l Bank*, No. CIVILACTIONH222724, 2023 WL 2025068, at *2 (S.D. Tex. Jan. 3, 2023) ("failure to take any action on this case in federal court cannot be characterized as anything but intentional."), *report and recommendation adopted*, No. 4:22-CV-02724, 2023 WL 2021753 (S.D. Tex. Feb. 14, 2023). Regarding consideration of lesser sanctions, the Court's provision of "'a second or third chance' is *itself* 'a lenient sanction, which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice.'" *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d at 360 (quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (per curiam) (cleaned up)). The Court's warnings that failure to comply risks dismissal are also a lesser form sanction. *See Pennie v. Giorgi for Dallas Morning News*, 841 F. App'x 655, 660 (5th Cir. 2021) (finding the district court "more than adequately attempted the lesser sanction of warning" by "repeatedly communicat[ing] that Pennie must comply with the local counsel rule and issued an explicit warning of the risk of dismissal in its show cause order."). Because Plaintiff is *pro se*, it is not clear that any other sanction would be appropriate. *See Rodriguez*, 2023 WL 2025068, at *2 ("All of the court's efforts to have Rodriguez participate in this case have been futile and the court concludes that other sanctions would be similarly futile. For example, it is not likely that monetary sanctions would have any effect, considering Rodriguez's *pro se* status"). In this case, the record shows clear delay and that no lesser sanction is warranted. *See Mayton v. Casas*, No. 20-50886, 2021 WL 1588508, at *2 (5th Cir. Apr. 22, 2021) ("His repeated violation of court orders—even after learning that noncompliance might result in dismissal—suggests that a sanction short of dismissal would not have served the interest of justice."); *Lewis v. Sheriff's Dep't Bossier Par.*, 478 F. App'x 809, 818 (5th Cir. 2012) (citing *Callip*, 757 F.2d at 1521-22)

("the record clearly shows that the magistrate judge granted numerous continuances and explicitly warned Lewis several times . . . . It is clear that despite the amount of time Lewis was given and despite warnings that his suit would be dismissed, Lewis did not comply with the court's order.").[5]

***Failure to Prosecute***

Plaintiff's failure to file a complete amended complaint also constitutes a failure to prosecute, which is an additional basis for dismissal under Rule 41(b). *See Warren v. Ga. Dep't of Cmty. Supervision*, No. 4:20-CV-00247-SDJ-KPJ, 2021 WL 1139749, at *3 (E.D. Tex. Mar. 2, 2021) ("Given Plaintiff's apparent choice to discontinue pursuing his claims, dismissal under Rule 41(b), not simply for failure to comply with Local Rule CV-11(e), but for failure to prosecute, appears to be the most appropriate resolution."), *report and recommendation adopted*, No. 4:20-CV-00247-SDJ-KPJ, 2021 WL 1123817 (E.D. Tex. Mar. 24, 2021). "[C]ourts in the Eastern District have routinely dismissed *pro se* cases for want of prosecution under Rule 41(b) when" the plaintiff fails amend their complaint. *Id.* at *2 (collecting cases). Here, the Court expressly directed Plaintiff to refile his amended complaint because of his repeated attempt to incorporate disparate portions of his filings, in total over one hundred, single-spaced pages from various parts of the record.[6] Further, when Plaintiff filed his incomplete amended complaint, it superseded any

---

[5] Plaintiff is no stranger to federal courts and his obligations under the federal rules—indeed, as noted by this Court, in finding Plaintiff had "three strikes" as of February 2021 he had filed at least ten other lawsuits in both this Court and other federal courts across the country [Dkt. 76 at 2-3].

[6] While incorporation by reference is generally permitted, "incorporation by reference must be 'with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation.'" *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006)). "A valid incorporation by reference of an original complaint under Rule 10(c) must provide the defendants with ample notice of the claims against them." *Torres v. El Paso Police Dep't*, No. EP20CV00149DCGATB, 2020 WL 4726999, at *3 (W.D. Tex. Aug. 14, 2020) (citing *Carroll*, 470 F.3d at 1176). The Court here notes that the incorporation Plaintiff proposed is not clear and provides little guidance as to what claims are alleged against which Defendants. *See Wolfe v. Charter Forest Behav. Health Sys., Inc.*, 185 F.R.D. 225, 229 (W.D. La. 1999) (finding the proposed incorporation "as a practical matter, gives little guidance to the responding party. The fourth complaint filed by Plaintiffs appears to restate Plaintiffs' entire case. In order to be certain not to miss a claim previously alleged, a responding party—not to mention the court—would have to sift through all of Plaintiffs' prior pleadings and compare

prior complaints and rendered them a nullity. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect"). Put simply, Plaintiff has not filed a complete amended complaint for the Court's consideration. Accordingly, the Court also recommends that this case be dismissed under Rule 41(b) for failure to prosecute. *See, e.g.*, *Grissom v. Tucker*, No. 5:20-CV-65, 2021 WL 1680204, at *1 (E.D. Tex. Feb. 22, 2021) (dismissing without prejudice under Rule 41(b) where plaintiff's "failure to prosecute his case or to obey orders of the Court is demonstrated by his failure to file an amended complaint"), *report and recommendation adopted*, No. 5:20-CV-00065, 2021 WL 1667207 (E.D. Tex. Apr. 28, 2021); *Richardson v. Herbert*, No. 4:17-CV-00761-ALM-CAN, 2018 WL 3453909, at *2 (E.D. Tex. May 22, 2018) ("By his failure to [] file an amended complaint . . . Plaintiff has failed to comply with the Court's Orders and diligently prosecute his case. Accordingly, the Court finds that dismissal is appropriate under Rule 41."), *report and recommendation adopted*, No. 4:17-CV-761, 2018 WL 3447696 (E.D. Tex. July 16, 2018); *Hall*, 2021 WL 4142680, at *2 (where the plaintiff fails to file an amended complaint, "the Court is not required to delay the disposition of this case until such time as [plaintiff] decides to obey the Court's order or contact the Court").

## DISMISSAL FOR FAILURE TO STATE A CLAIM[7]

Alternatively, in the event the District Court disagrees with the undersigned's analysis under Rule 41, Plaintiff's amended complaint is also subject to dismissal for failure to state a claim.[8] Indeed, the Court "may *sua sponte* dismiss [Plaintiff's] claims under Rule 12(b)(6) for failure to state a claim 'as long as the procedure employed is fair;' this requires notice of the intent

---

them with the final complaint line-by-line."). While the Court "is mindful that Rule 10(c) was adopted to encourage pleadings that are short and free of unneeded repetition," *id.* at 230, such purpose would not be served here, hence the Court's repeated direction to Plaintiff to file his claims in one document and express admonition that it would not construe multiple documents together to establish Plaintiff's live pleading.

[7] Out of an abundance of caution, the Court also briefly considers whether Plaintiff has failed to state a claim.

[8] The Court looks to the most recently filed amended complaint for the purpose of considering whether Plaintiff states a valid claim for relief, since it supersedes any earlier complaint.

to dismiss and an opportunity to respond." *Tomasella v. Div. of Child Support*, No. 3:20-CV-0476-S-BH, 2022 WL 2959586, at *1 (N.D. Tex. July 12, 2022), *report and recommendation adopted*, No. 3:20-CV-476-S-BH, 2022 WL 2953016 (N.D. Tex. July 26, 2022); *see Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("District courts may, for appropriate reasons, dismiss cases *sua sponte*.").

As explained *supra*, the amended complaint filed on the prisoner's civil rights form does not describe the acts and/or omissions attributable to any specific Defendant. Rather, under the "statement of claim" section, the form instructs Plaintiff to "state here in a short and plain statement of the facts of your case" and to "[d]escribe how each defendant is involved" [Dkt. 101 at 4]. Plaintiff merely states "multiple claims presented pursuant to multiple recovery theories which include violations of" Plaintiff's Eighth Amendment rights, Fourteenth Amendment rights, First Amendment rights (allegedly related to "exercising right to redress the gov. for grievances, privacy and freedom of speech and free exercise of religion"), brought pursuant to the ADA, RLUIPA, § 1985(2)(3), § 1986, "etc." [Dkt. 101 at 4].[9] No short plain statement of the facts of the case is present. The form further instructs Plaintiff, "[a]ttach extra pages if necessary, but remember the complaint must be stated briefly and concisely" [Dkt. 101 at 4]. The amended complaint attempts to combine well over one hundred pages.[10] Indeed, to determine whether Plaintiff pleads plausible allegations as to each claim and every Defendant, the Court would have to synthesize, cross-reference, and reconcile nearly 150 pages of allegations, which are subdivided in to 27 individual "claims." None of the 27 claims are labeled or organized in such a fashion that the Court can

---

[9] Plaintiff now appears to add a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) that was not identified as such in the original complaint. It is wholly unclear to which Defendants this claim is asserted or which factual allegations relate to such a claim.

[10] Further, Docket No. 93 contains an "addendum" seeking to enlarge the scope of his claims through 2021 against two defendants, but there is no indication as to what those new factual allegations are [*See* Dkt. 93-1 at 2].

REPORT AND RECOMMENDATION − Page 13

identify which of the claims relate to which constitutional violation(s) and/or to which Defendants. The Court is not required and will not sift through the record in search of plausible claims for which relief can be granted. *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 610 (5th Cir. 1993) ("Put simply, [Plaintiff] asks us to grant carte blanche to a litigant to throw facts at the court, while placing responsibility on the court—not the litigant—to sort through those facts and come up with possible theories for recovery."). On the present record, *sua sponte* dismissal is warranted for failure to state a claim. *See Epley v. Gonzalez*, No. 5:18-CV-142-BQ, 2022 WL 18356463, at *4 (N.D. Tex. Dec. 15, 2022) (citing *Carroll*, 470 F.3d at 1177) ("Even assuming Epley's failure in this regard is more suitably addressed under 12(b)(6), that conclusion provides no ultimate barrier to dismissal at this juncture. The Court has provided Epley myriad opportunities to cure the deficiency, under threat of dismissal, and he has refused to do so. As such, this Court has the inherent authority to dismiss these allegations for failure to state a claim."), *report and recommendation adopted*, No. 5:18-CV-0142-C, 2023 WL 223185 (N.D. Tex. Jan. 17, 2023). *Sua sponte* dismissal here is appropriate because the Court's Orders gave Plaintiff ample notice that his amended complaint was not sufficient, and the ability object to this report and recommendation itself further provides the requisite notice and chance to respond. *See Tomasella*, 2022 WL 2959586, at *1 (citing *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018)) ("The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object satisfies this requirement.").

## CONCLUSION AND RECOMMENDATION

For these reasons, the Court recommends that Plaintiff's case be **DISMISSED** in its entirety under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate

judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE